IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARLOW BATES
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

Criminal No.: ELH-13-512
(Related Civil No. ELH-18-0739)

**MEMORANDUM**

Marlow Bates entered a plea of guilty on August 8, 2014, to Count One of an Indictment charging conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. ECF 313. He was sentenced on February 5, 2015, to a term of 120 months' incarceration. ECF 438. That sentence corresponded to the statutory mandatory minimum. Notably, it was considerably less than the 162 months of incarceration sought by the government. *See* ECF 535 at 3. And, it was well below the advisory guidelines range, which called for a sentence ranging between 262 and 327 months of imprisonment. *See* ECF 439.

On March 12, 2018, Bates, who is now self-represented, filed a Motion To Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. ECF 596 (the "Petition"). The Petition, which exceeds 40 pages, alleges, among other things, that the Court abused its discretion in "branding" him as a career offender. *Id.* at 4.

The government filed a response in opposition. ECF 598. It contends that the Petition is both untimely and without merit.

In response to the government's opposition, the Court issued an Order (ECF 600) dated May 15, 2018 (ECF 600), noting the government's claim that the Petition is untimely. In the Order, the Court invited Bates to provide the Court with information to establish the timeliness of

his Petition under 28 U.S.C. § 2255(f) or his entitlement to equitable tolling of the statute of limitations. Moreover, the Court granted Bates 28 days from the date of the Order to provide the Court with additional information.

Bates did not respond to those inquiries. *See* Docket. But, on January 2, 2019, he filed a Motion for Brady Material (ECF 634); a motion to proceed in forma pauperis (ECF 635); and a motion for counsel. ECF 636.

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

For the reasons that follow, I shall dismiss the Petition as untimely. And, I shall deny ECF 634, ECF 635, and ECF 636.

**I. Procedural Background**

As noted, on August 8, 2014, Bates entered a plea of guilty to Count One of an Indictment charging him with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. ECF 313. Under the terms of the Plea Agreement

(ECF 314), entered under Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a sentence ranging between 120 and 162 months of imprisonment. ECF 314 (Plea Agreement), ¶ 9. Notably, the offense carried a mandatory minimum term of imprisonment of 120 months (*i.e.*, 10 years), with a maximum period of incarceration of life imprisonment. *Id.* ¶ 3.

Sentencing was held on February 5, 2015. At sentencing, the government sought a term of incarceration of 162 months, which was the top of the C plea range. ECF 535 (Transcript) at 3. Moreover, the advisory sentencing guidelines range called for a period of incarceration ranging between 262 and 327 months. *See* ECF 440 (Amended Presentence Report). The sentencing range was based on a final offense level of 34 and a criminal history category of VI. *Id.* ¶¶ 32, 39. In turn, the final offense level and criminal history category were based on the Court's determination that Bates qualified as a career offender under U.S.S.G. § 4B1.1. *See* ECF 535 at 6-8. Nevertheless, even if the Court had found that Bates was not a career offender, the Court was statutorily required to impose a sentence of at least 120 months.

The Court sentenced Bates to the mandatory minimum term of incarceration of 120 months. ECF 438 (Judgment). *See* 21 U.S.C. § 841(b)(1)(A). That also corresponded to the bottom of the C plea range. No appeal was filed by Bates. *See* Docket.

In his Petition, Bates seeks, *inter alia*, resentencing based on an offense level of 27 and a criminal history category of IV. ECF 596 at 12. That corresponds to the offense level and criminal history category if Bates had not been a career offender. According to Bates, he is no longer a career offender under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Beckles v. United States*, 137 S. Ct. 886 (2017). ECF 596 at 15.

In effect, the career offender designation is of no legal significance. Not only did the Court impose a sentence at the very bottom of the C plea range, but the sentence also corresponded to

the Congressionally mandated minimum term of 120 months, from which the Court had no authority to deviate.

## II. Discussion

Section 2255(a) of Title 28 of the United States Code, under which Bates filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(f), a post-conviction petition is subject to a one-year limitation period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, in order for Bates's Petition to be timely, it must have been filed "within one year from the date on which [the] judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review." *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011). Here, the judgment was entered on February 5, 2015. ECF 438. Bates had fourteen days from that date to appeal the judgment. *See* Fed. R. App. 4(b)(1)(A). He did not do so.

When, as here, a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. *See*, *e.g.*, *Bunger v. United States*, CCB-11-0597, 2017 WL 4805232, at *2 (D. Md. Oct. 25, 2017). Therefore, Bates's conviction became final on February 19, 2015. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (stating that where no appeal filed, conviction becomes final after time for filing appeal had lapsed). Petitioner then had one year from February 19, 2015, to file his Petition under 28 U.S.C. § 2255. In other words, Bates had to file his Petition by February 19, 2016. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003) (stating that § 2255's one-year limitation period starts to run when the time for seeking certiorari expires.").

Bates did not file his Petition until March 12, 2018, more than two years beyond the deadline. Thus, the Petition is untimely under § 2255(f)(1), unless it is subject to an exception or to equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show

5

only "reasonable diligence"; there is no requirement for "maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation omitted).

There is no indication of any circumstance – must less an extraordinary one – that prevented Petitioner from timely filing his Petition. Bates has failed to provide any basis for equitable tolling of limitations as to the Petition.

Petitioner asserts that defense counsel advised him that his plea agreement waiver precluded him from filing a direct appeal or a motion under § 2255. ECF 596 at 11. Notably, Petitioner does not allege that he inquired of his attorney concerning an appeal or a post-conviction challenge. Even assuming the truth of his claim, and that the legal advice was erroneous, the government correctly argues that "the majority of circuits" have determined that such an "'attorney error is not an extraordinary circumstance'" so as to justify equitable tolling. ECF 598 at 6 (citing *Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (collecting cases)).

Under 28 U.S.C. § 2255(f)(3), the one-year period of limitations can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The cases cited by Bates do not support such a contention.

*Johnson v. United States*, 135 S. Ct. 2551 (2015), was decided on June 26, 2015. It held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. *Id.* at 2557-58. Therefore, to rely on *Johnson* (which is inapt here), Bates would have had to file his Petition by June 2016. He did not do so.

In June 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, 137 S. Ct. 886, the Supreme Court ruled that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. And, it ruled that

6

"§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Notably, the Supreme Court did not make *Beckles* "retroactively applicable to cases on collateral review," as required by § 2255(f)(3). Because Petitioner's Motion does not rely on a right that was "newly recognized" by the Supreme Court, he cannot utilize § 2255(f)(3) to justify the belated filing of the Petition.

Further, the Motion is not timely under any other provision of § 2255(f). The Petition does not involve alleged unconstitutional governmental action, as required by § 2255(f)(2). Nor does it allege new facts that could not have been previously discovered through the exercise of due diligence, to satisfy § 2255(f)(4). Thus, Petitioner's Motion is clearly time-barred under § 2255.

Even if Petitioner's claims were not time-barred, the career offender claim would fail on the merits. This is because Bates had two prior convictions for qualifying felony controlled substance offenses.

The PSR (ECF 440) notes a 2006 Maryland conviction for possession of CDS with intent to manufacture/distribute (case no. 106069039) and a 2009 federal conviction for conspiracy to distribute and possess with intent to distribute heroin (case no. WDQ-09-0183). PSR, ¶¶ 41, 42. These convictions were sufficient to establish Petitioner's career offender status under U.S.S.G. § 4B1.1.

Additionally, Petitioner suffered no prejudice from his career offender designation. Pursuant to the Rule 11(c)(1)(C) plea agreement, he was sentenced to 120 months' imprisonment – substantially below his career offender guideline range of 262-327 months. Moreover, his

7

sentence fell within the guideline range of 100-125 that would have applied without the career offender enhancement.

More important, as discussed earlier, Petitioner was sentenced to the congressionally mandated minimum sentence of 10 years. *See* 21 U.S.C. § 841(b)(1)(A). Petitioner's criminal activity involved between one and three kilograms of heroin, an amount that appropriately triggered the 10-year mandatory minimum under § 841(b)(1)(A)(i).

To the extent Bates asserts other claims, they have been considered but lack merit. Moreover, Petitioner's belated motions, filed on January 2, 2019 (ECF 634, ECF 635, ECF 636), shall also be denied. Petitioner does not need to obtain in forma pauperis status. *See* ECF 635. There is no basis for a *Brady* motion. ECF 634. And, in the exercise of the Court's discretion, there is no need for appointment of counsel. ECF 636.

### III.    Conclusion

This appears to be a case of buyer's remorse. The Petition is untimely and without merit. Therefore, it is subject to dismissal.

### IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[1] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

---

[1] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.

Date: February 4, 2019

/s/
Ellen Lipton Hollander
United States District Judge